**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas and Juanita Camps, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>State Farm Mutual Automobile Insurance Company, an Illinois corporation,<br><br>　　　　　Defendant. | No. CV-11-00662-TUC-FRZ<br><br>**ORDER** |

　　　　Juanita Camps was injured in an auto accident that occurred in Pima County, Arizona. The coverage available under the other driver's insurance policy is alleged to be insufficient to fully compensate Ms. Camps for her injuries and other losses. Ms. Camps made a claim for underinsured motorist coverage with her insurance company, State Farm. The claim has been denied.

　　　　Ms. Camps and her husband filed suit against State Farm in state court, asserting claims for breach of contract and bad faith and seeking an award of both compensatory and punitive damages. Doc. 1-4. State Farm removed the case to this Court on the basis of diversity jurisdiction. Doc. 1. Plaintiffs have filed a motion to remand. Doc. 5. The motion is fully briefed. Docs. 7, 9. For reasons that follow, the motion will be denied.[1]

---

[1] State Farm's request for oral argument (Doc. 10) is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1 Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state
2 court over which the federal district courts have original jurisdiction, including diversity
3 jurisdiction under 28 U.S.C. § 1332(a), may be removed by the defendant to the federal
4 district court where the action is pending.  28 U.S.C. § 1441(a).  Federal courts possess
5 diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000,
6 exclusive of interest and costs, and is between . . . citizens of different States[.]"  28 U.S.C.
7 § 1332(a)(1).  In an action removed solely on the basis of diversity jurisdiction, removal is
8 proper only where none of "the parties in interest properly joined and served as defendants
9 is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

10 There is no dispute that the amount in controversy exceeds the jurisdictional amount
11 of $75,000.  *See* Doc. 1 ¶ 3.  Because Plaintiffs are residents of Arizona and State Farm is
12 an Illinois corporation (*see* Doc. 1-4), complete diversity of citizenship exists.  Thus, on the
13 face of the notice of removal and the complaint, removal of this action on the basis of
14 diversity jurisdiction was proper.

15 Plaintiffs contend that diversity jurisdiction is lacking, and the case therefore must
16 be remanded, because the case is governed by the following provision of 28 U.S.C.
17 § 1332(c)(1): "[I]n any direct action against the insurer of a policy or contract of liability
18 insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall
19 be deemed a citizen of . . . every State and foreign state of which the insured is a citizen[.]"
20 Plaintiffs essentially conclude that because they have not been joined as party-defendants,
21 State Farm is deemed to be a citizen of Arizona thereby destroying diversity of citizenship
22 between the parties.  Doc. 5.

23 State Farm argues that the meaning of "direct action," as the phrase is used in
24 § 1332(c)(1), excludes first-party suits such as this one, leaving diversity of citizenship
25 intact.  Doc. 7.  This Circuit has made clear, and Plaintiffs do not dispute (Doc. 9 at 1), that
26 "a bad faith action brought by an insured against the insurer is not a 'direct action' within the
27 meaning of 28 U.S.C. § 1332(c)(1)."  *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 730 (9th
28 Cir. 1993) (citing *Beckham v. Safeco Ins. Co.*, 691 F.2d 898, 902 (9th Cir. 1982)).  Plaintiffs'

bad faith claim asserted against their own insurer, State Farm, does not render State Farm a citizen of Arizona for diversity jurisdiction purposes. *See id.*

Citing an endorsement amending their policy with State Farm (Doc. 9-1), Plaintiffs contend that they are contractually obligated to file suit against State Farm where there is a dispute over the amount of their underinsured motorist claim. Plaintiffs assert that their breach of contract claim therefore constitutes a "direct action" against State Farm under § 1332(c)(1) (Doc. 9 at 3), but cite no legal authority in support of this assertion.

Congress enacted the "direct action" provision to defeat a plaintiff's' attempt to avoid state court by filing suit directly against an out-of-state insurer rather than against a tortfeasor who shares the plaintiff's citizenship. *See Northbroook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 9-10 (1989). Courts have uniformly defined the phrase "direct action" as those cases in which "a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured[.]" *Beckham*, 691 F.2d at 901-02 (citing cases). Thus, "'unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.'" *Id.* (citation omitted). "Many other courts have reached the same conclusion that a 'first party' insurance action, or a suit by an insured against an insurer, is not a 'direct action.'" *Searles*, 998 F.2d at 729 (citing cases).

This action was not brought to impose liability on State Farm for the negligence of State Farm's insureds, that is, Plaintiffs themselves. Rather, Plaintiffs seek to impose liability on State Farm for its own "breach of the insurance contract and the duty of good faith and fair dealing" between State Farm and Plaintiffs. Doc. 1-4 at 3. Because Plaintiffs have sued State Farm for its own alleged misconduct, this action is not a "direct action" under 28 U.S.C. § 1332(c)(1). *See Grove Lumber & Bldg. Supply, Inc. v. Argonaut Ins. Co.*, No. SA CV 07-1396 AHS(RNBx), 2008 WL 2705169, at *4 (C.D. Cal. July 7, 2008).

In summary, 28 U.S.C. § 1332(c)(1) does not destroy diversity jurisdiction in this case or otherwise render the removal improper. *See Searles*, 998 F.2d at 730; *Zimmerman v.*

*Philadelphia Indem. Ins. Co.*, No. CV 11-8047-PCT-FJM, 2011 WL 3629357, at *2 (D. Ariz. Aug. 18, 2011) (the "direct action" exception to diversity jurisdiction did not apply where the suit was by an insured against his insurer rather than one against a tortfeasor's insurer); *Bonneau v. Progressive Universal Ins. Co. of Ill.*, No. CV 10-920-PK, 2011 WL 1337379, at *4 (D. Or. Feb. 9, 2011) (the "direct action" provision did not apply where the plaintiff sought "to impose liability on Progressive for its own actions in denying insurance coverage in connection with [the plaintiff's] alleged automobile accident"); *Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.*, No. C09-1574JLR, 2009 WL 4730853, at *3 (W.D. Wash. Dec. 8, 2009) (the plaintiff's desire to keep the action in state court was "not the situation contemplated by Congress when it added the 'direct action' proviso to § 1332(c)(1)"). The motion to remand will be denied. Given this ruling, State Farm's motion to file a surreply and Plaintiffs' motion to strike will be denied as moot.

**IT IS ORDERED:**

1. Plaintiffs' motion to remand to state court (Doc. 5) is **denied**.
2. Defendant's motion for leave to file surreply and for oral argument (Doc. 10) and Plaintiffs' motion to strike (Doc. 11) are **denied**.

DATED this 20th day of April, 2012.

*/s/ Frank R. Zapata*
Frank R. Zapata
Senior United States District Judge